**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | | | |
|---|---|---|---|
| IN RE: | §§ | | BANKRUPTCY CASE |
| **Thomas William Collier** | and | §§ | NO.    15-51590 |
| SS#: XXX-XX- 2402 | | §§ | |
| **Betty Jean Collier** | | §§ | CASE UNDER CHAPTER 13 |
| SS#: XXX-XX- 2770 | | §§ | |
| **DEBTOR(S)** | | §§ | |

## NOTICE

DEBTOR(S) HAS FILED PAPERS WITH THE COURT TO MODIFY DEBTOR'S CHAPTER 13 PLAN PURSUANT TO SECTION 1323 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

ANYONE WISHING TO OBJECT TO THE MODIFIED PLAN MUST DO SO IN WRITING ON OR BEFORE THE DATE OF :

**October 30, 2015**

AND FILE THE ORIGINAL OBJECTION WITH THE COURT AT THE FOLLOWING ADDRESS:

**CLERK, UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF GEORGIA; P.O. BOX 1957, MACON, GA 31202 (478-752-3506),**

AND SERVE A COPY OF THE OBJECTION ON THE ATTORNEY FOR THE DEBTOR(S), RAY HOLLAND, ATTORNEY AT LAW, P.O. BOX 824, ASHBURN, GA 31714. ANY OBJECTIONS TO CONFIRMATION OF THE PLAN AS MODIFIED WILL BE HEARD AT THE CONFIRMATION HEARING.

THE CONFIRMATION HEARING ON THE PLAN IS SCHEDULED FOR:

**DATE:** **October 15, 2015**    **TIME:**    **1:30 O'CLOCK P. M.**

**LOCATION:**    **US BANKRUPTCY COURTHOUSE, 433 CHERRY STREET, MACON, GEORGIA; COURTROOM A.**

AT THE HEARING ON CONFIRMATION A CONTINUATION OF THE CONFIRMATION HEARING FOR THE MODIFIED PLAN WILL BE REQUESTED TO THE FOLLOWING DATE AND TIME:

**DATE:** **November 12, 2015**    **TIME:**    **1:30 O'CLOCK P. M.**

**LOCATION:**    **US BANKRUPTCY COURTHOUSE, 433 CHERRY STREET, MACON, GEORGIA; COURTROOM A.**

IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS TO OBJECT, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MODIFIED CHAPTER 13 PLAN AND ENTER AN ORDER CONFIRMING THE PLAN.

This day of October 6, 2015.

HOLLAND & HOLLAND, ATTORNEYS AT LAW, LLC

BY:    */S/ Ray Holland*

RAY HOLLAND, ATTORNEY AT LAW, GA. BAR NO. 361012

P. O. BOX 824; ASHBURN, GEORGIA 31714-0824; 229-567-2824

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | §§ | BANKRUPTCY CASE |
| **Thomas William Collier** and | §§ | NO.   15-51590 |
| SS#:  XXX-XX- 2402 | §§ | |
| **Betty Jean Collier** | §§ | CASE UNDER CHAPTER 13 |
| SS#:  XXX-XX- 2770 | §§ | |
| **DEBTOR(S)** | §§ | |

## MOTION FOR MODIFICATION OF PLAN PRIOR TO CONFIRMATION

The Debtors, under the authority of Section 1323 of the Bankruptcy code, file this motion for modification of plan and respectfully show:

1.

Debtors have herewith in lieu of the plan originally filed a modified plan with the following modifcations:

1-   $710   monthly   shall be the new play payment

2-   The treatment of the Creditor Region bank, which has two claims, which had previously been combined, is separated into two parts, each being paid in full and with assigned payments as follows:

| **Creditor** | Amount Due | Value | Int | Collateral | Payment |
|---|---|---|---|---|---|
| Bank of America | $ 16,417.53 | Debt | 5% | Debtor's Home: 6 acres located in Land Lot 19, 1st Land District 3317 Walker Road Abbeville, GA 31001 | $310 |
| Bank of America | $ 10,632.72 | Debt | 5% | Debtor's Home: 6 acres located in Land Lot 19, 1st Land District 3317 Walker Road Abbeville, GA 31001 | $201 |

Otherwise the plan remains the same.  A copy of the modified Plan is attached.

2

After notice and opportunity for objections, the new Plan attached hereto should confirmed as the Debtors' Chapter 13 Plan

WHEREFORE, the Debtors pray that this Modified Chapter 13 Plan be confirmed.

This day of  October 6, 2015.

RESPECTFULLY SUBMITTED:

HOLLAND & HOLLAND, ATTORNEYS AT LAW, LLC

BY:   */S/  Ray Holland*

RAY HOLLAND, ATTORNEY AT LAW, GA. BAR NO. 361012
P. O. BOX 824; ASHBURN, GEORGIA 31714-0824; 229-567-2824
229-567-2824; house157@mindspring.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | | | |
|---|---|---|---|
| **IN RE:** | **Thomas William Collier** | §§ | |
| | SS#:  XXX-XX- 2402 | **and** §§ | **CHAPTER 13 BANKRUPTCY CASE NO.** |
| | **Betty Jean Collier** | §§ | **15-51590** |
| | SS#:  XXX-XX - 2770 | §§ | |
| | **Debtors** | §§ | |

**CHAPTER 13 PLAN:    Modification        1**

1. The future earnings of the debtors are submitted to the supervision and control of the trustee, and the debtors (or the debtors' employer)  shall pay to the trustee the sum of    **$710**    **monthly** .

2. From the payments so received, the trustee shall make disbursements as follows:
   (a) The trustee percentage fee as set by the United States Trustee.
   (b) The monthly payments will be made on the following long-term debts: (Payments which come due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.)
     **None**

   (c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after filing of a proof of claim by the creditor.  These payments will be applied to reduce the principal sum of the claim

| Name of Creditor | Adequate Protection Amount |
|---|---|
| Bank of America | $41 |
| Bank of America | $27 |
| Community Bank | $11 |
| Farm Bureau Bank | $5 |
| Sheffield Financial | $5 |

   (d)  The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a).

| Name of Creditor | Amount Due | Interest Rate | Collateral | Monthly Payment |
|---|---|---|---|---|
| Community Bank | $4,317.66 | 5.00% | Chevrolet Model: Cavalier Year: 2001 Mileage: 88,000 Dodge Model: Ram Year: 2003 Mileage: 215,800 | $81 |

   (e) After confirmation of the plan, the secured creditors with allowed claims will be as follows:

| Name of Creditor | Amount Due | Value | Interest Rate | Collateral | Monthly Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Bank of America | $16,417.53 | Debt | 5.00% | Debtor's Home: 6 acres located in Land Lot 19, 1st Land District 3317 Walker Road Abbeville, GA 31001 | $310 |
| Bank of America | $10,632.72 | Debt | 5.00% | Debtor's Home: 6 acres located in Land Lot 19, 1st Land District 3317 Walker Road Abbeville, GA 31001 | $201 |
| Farm Bureau Bank | $3,652.49 | $1,000.00 | 5.00% | Chrysler Model: Pacifica Year: 2005 Mileage: 150,972 | $19 |
| Sheffield Financial | $1,812.55 | $200.00 | 5.00% | Lawnmower riding | $5 |

(f)  Attorneys fees ordered pursuant to 11 U.S.C. §507(a)(2) of     $3,000.00     to be paid as follows:

Monthly Payment Amount

| Pursuant to Current Administrative Order on Attorney Fee Awards | Pay according to Administrative Order |
|---|---|

(g)  After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:
   **None**

(h)  The following collateral is surrendered to the creditor:
   **None**

(i)  The following domestic support obligations will be paid over the life of the Plan as follows:
(These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _____ %.   (If this is left blank, no interest will be paid.)
   **None**

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:
   **None**

(k)  All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The Debtor(s) will be the disbursing agent on the following debts:
   **None**

(m) Special Provisions:

(1) Upon discharge, all non-purchase money, non-possessory liens and all judicial liens in the property of the bankruptcy estate provided in 11 U.S.C. § 522(f), will be avoided pursuant to 11 U.S.C. §522(f), and upon notice of discharge, the creditors shall cancel said lien(s) of record within 15 days of such notice. This provision shall apply to the following:

   **None**

(2) Debtor makes the following request regarding income deduction orders:

**NO INCOME DEDUCTION ORDER should issue due to no salaried Debtor.**

(3) Upon discharge each creditor set forth in paragraphs 2(d), 2(e) and 2(g) above, other than long term creditors for which this Plan provides payments beyond the term of the Plan, shall cancel and satisfy of record any liens upon the Debtor's property (including motor vehicle titles, manufactured home titles, deeds to secure debt, and financing statements) and return said documents to the Debtor.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three).

(i) Debtor(s) will pay all of his disposable income as shown on Form B22C of    **$0**    to the non priority unsecured creditors in order to be eligible for a discharge.

(ii) If the Debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive    **$0.**    Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay    **$0**    to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose only one):

(i)    **0%**    dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(ii)    Debtor(s) will make payments for _____ months and anticipates a dividend of _____, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date:   October 5, 2015                                                                                      */S/ Ray Holland*

*60*                                                                                  **Ray Holland, Attorney for Debtors (Ga. Bar. No. 361012)**

**Chapter 13 Plan:  3 of 3 Pages**
*rh Collier Chapter 13 Plan and Bankruptcy Forms 8 11 2015 10/6/2015*